The document below is hereby signed.

Signed: November 15, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LATRICIA L. HARDY, | ) | Case No. 16-00280 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| BRYAN S. ROSS, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10034 |
| LATRICIA L. HARDY, *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT AND FOR DEFAULT JUDGMENT

The debtor, LaTricia L. Hardy, opposes the motion filed by the plaintiff, Bryan S. Ross, Chapter 7 trustee, seeking summary judgment against the debtor and a default judgment against the debtor's co-owner.

The debtor principally argues that the debtor has attacked the validity of a lien against the property asserted by All

Credit Considered Mortgage, LLC ("ACC").  As the trustee notes, however, a trustee is required to "collect and reduce to money the property of the estate[.]" 11 U.S.C. § 704(a)(1).  The validity or lack of validity of the ACC lien can be adjudicated after the sale.  The trustee's proposed order emphasizes this by providing that "the Trustee shall retain the net proceeds from the sale of the Property, after satisfaction of costs of sale, including realtor fees, until the Court enters an order directing further disbursement."  Before selling the property, a trustee is not required to first obtain a determination of the validity of any disputed liens.

   The debtor also challenges this court's authority to enter an order for the sale of the property, but the trustee's motion is plainly statutorily a core proceeding by reason of, for example, 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate") and (O) ("other proceedings affecting the liquidation of the assets of the estate . . ."). Such an order goes to the core of administering the assets of the estate, and is plainly a matter that can be adjudicated by a bankruptcy judge (despite not being appointed under Article III of the Constitution), as the matter "stems from the bankruptcy itself[.]"  *See Stern v. Marshall*, --- U.S. ----, ----, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011).

   The debtor's other arguments against granting summary

judgment in favor of the trustee are similarly unpersuasive.

The trustee's motion also seeks default judgment against the co-owner of the property, Patricia D. White, whose interest the trustee seeks to include as part of the sale.  That defendant has not opposed the trustee's motion, and granting a default judgment is appropriate.

An order follows, granting the trustee's motion.

[Signed and dated above.]

Copies to:

Recipients of e-notification of orders;

Debtor (via hand-mailing by clerk, as well as via BNC)

Patricia D. White
1006 15th Street, SE
Washington, DC 20003
[Via hand-mailing by clerk, as well as via BNC]

[End of Order]